UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINDA ADAMS,<br><br>   Plaintiff,<br><br>   v.<br><br>GRAND OASIS CANCUN, OASIS HOTELS & RESORTS, and "ABC Corp. 1-10", fictitious names for corporations and/or business entities whose true names are presently unknown,<br><br>   Defendants. | Civ. No. 14-4917 (WJM)<br><br>OPINION |

This matter comes before the Court on Plaintiff Linda Adam's ("Plaintiff") motion for default judgment. The Court previously held a proof hearing as to the injuries suffered by the Plaintiff, and the Court reserved its decision as to damages. Subsequently, the Plaintiff moved for default judgment. For the reasons below, Plaintiff's motion for default judgment is **DENIED**.

**I.   BACKGROUND**

On August 4, 2014, Plaintiff filed a complaint against Grand Oasis Cancun ("Grand Oasis"), Oasis Hotels & Resorts, and ABC Corp. 1-10 (collectively, the "Defendants") seeking to recover damages for personal injuries sustained on one of their premises. (*See* Complaint ("Compl.") ¶¶ 25-26, ECF No. 1.)  While on vacation at Defendants' hotel in Cancun, Mexico, Plaintiff slipped and fell on a walkway where water had accumulated. (*See id.* ¶¶ 17-21.)  Plaintiff brought the instant action, arguing that Defendants' failure to properly maintain the area caused her to sustain serious and permanent injuries. (*See id.* ¶ 25.)  Consequently, Plaintiff asks for compensatory damages, disbursements, costs, reasonable attorney's fees, and pre-judgment interest. (*See id.* ¶ 1.)  Plaintiff requested the Clerk of the Court to enter a default against the Defendants on February 24, 2015, and the Clerk did so on February 25, 2015.  Subsequently, this Court conducted a proof hearing as to damages on June 23, 2015.  The Plaintiff now seeks a default judgment against the Defendants.

1

## II.     DISCUSSION

Federal Rule of Civil Procedure 55 governs the entry and grant of default judgment. The mere fact of default does not entitle plaintiff to judgment. To enter default judgment, the court must first determine whether it has:  (1) subject matter jurisdiction over the case, (2) personal jurisdiction over the defendant, and (3) a sufficient cause of action has been stated. *See, e.g. AnnexTelecom Co. v. Brown*, No. CIV.A. 13-4605, 2014 WL 5149101, at *1 (E.D. Pa. Oct. 14, 2014); *Chanel, Inc. v. Gordashevsky*, 558 F.Supp. 2d 532, 535-36 (D.N.J. 2008).  A court must treat the factual allegations in the complaint as true, including the jurisdictional allegations.  *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005); *D'Onofrio v. Il Mattino*, 430 F.Supp.2d 431, 439 (E.D. Pa. 2006).  In order to satisfy its burden, the plaintiff may prove personal jurisdiction with a "*prima facie* showing and 'may rest [its] argument on [its] pleadings, bolstered by such affidavits and other written materials as they can otherwise obtain.'"  *AnnexTelecom*, 2014 WL 5149101, at *1.

For a court to obtain personal jurisdiction over the parties, the complaint and summons must be "properly served upon the defendant." *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700–01 (3d Cir. 1991).  "Effective service of process is therefore a prerequisite to proceeding further in a case." *Id.*  Consequently, in ruling on a motion for default judgment, a court may *sua sponte* consider whether its exercise of personal jurisdiction over the defendant is appropriate.  *See Allaham v. Naddaf*, No. CIV.A. 13-3564, 2015 WL 3421464, at *3 (E.D. Pa. May 28, 2015); *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985) (noting that "[a] default judgment entered when there has been no proper service of the complaint is, *a fortiori*, void, and should be set aside.")  "In reviewing its personal jurisdiction, the court does not assert a personal defense of the parties; rather, the court exercises its responsibility to determine that it has the power to enter the default judgment." *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986).

Federal Rule of Civil Procedure 4(h)(1)(B) authorizes service of process on a foreign corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."  A foreign corporation can also be served pursuant to New Jersey Court Rule 4:4-4(a)(6).  *See* Fed. R. Civ. P. 4(h)(1)(A).  New Jersey law, similar to Rule 4(h)(1)(B), allows service of process on "any officer, director, trustee or managing or general agent, or any person

authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof." N.J. Ct. R. 4:4–4(a)(6).

For service on an agent, "in the absence of circumstances which clearly show that [an agency agreement] was intended by the parties, authorization to accept service of process on behalf of a corporation . . . would not be deemed to exist." *Zoning Bd. of Adjustment of Sparta*, 198 N.J. Super. 370, 377 (quotations and citations omitted). In other words, "[a]n 'agency appointment' for purposes of service of process usually requires an actual appointment for the specific purpose of receiving process." *Gelber v. Kirsch*, No. 2:14-CV-6768 JLL JAD, 2015 WL 1471960, at *6 (D.N.J. Mar. 30, 2015) *report and recommendation adopted*, No. CIV.A. 14-6768 JLL, 2015 WL 2403971 (D.N.J. May 20, 2015); *W. v. Am. Honda Motor Co.*, No. CIV.A. 08-0700 (NLH), 2008 WL 4104683, at *4 (D.N.J. Aug. 28, 2008) ("In order for service of process upon an agent to be effective, it must be shown that the agent was actually appointed by the defendant for the specific purpose of receiving process.") The plaintiff shoulders the burden of demonstrating that an alleged agent has specific authority, express or implied, for the receipt of process. *Am. Honda Motor*, 2008 WL 4104683, at *2.

Plaintiff has failed to demonstrate an agency relationship between the Defendants and TravAmerica, Inc. ("TravAmerica") for the purpose of service of process. Grand Oasis and Oasis Hotels and Resorts are both foreign corporations with a principal place of business in Boulevard Kulkulcan KM 16.5, Cancun, Mexico. (*See* Compl. ¶¶ 2-3.) Plaintiff's proof of service on the Defendants states that service of process was effected on TravAmerica, the travel agent she used to book her trip, at its office in Duluth, Georgia. (*See* Brief in Support of Motion to Enter Default Against Defendants ("Pl. Br."), Ex. B, ECF No. 14-2.) Plaintiff argues that TravAmerica is the exclusive travel agent for the Defendants and, thus, suffices as an agent for service of process. However, Plaintiff has not sufficiently alleged or established that TravAmerica was either explicitly or implicitly authorized to accept service on behalf of the Defendants.

Plaintiff's primary support is a complaint filed by TravAmerica in which TravAmerica claims that it "has held the exclusive contract rights to exploit the Commercialization Rights" for the Defendants. (*See* Pl. Br., Ex. D ¶ 4, 19.) However, this statement—as well as the accompanying allegations in that complaint—demonstrate a form of limited agency at best, encompassing only a commercial relationship. The Plaintiff's additional allegations bolster the Court's understanding regarding this commercial relationship, as they concern only

TravAmerica's role as travel agent for the Defendants. (*See* Pl. Br. at 3-4.) Consequently, Plaintiff has failed to put forth any evidence that the Defendants expressly designated TravAmerica to serve as their agent for acceptance of process. *See Wright and Miller, Federal Practice and Procedure* §§ 1097, 1101 (stating that "the cases dealing with agency by appointment indicate that an actual appointment for the specific purpose of receiving process normally is expected.")

Since Plaintiff only served TravAmerica, the attempted service on the Defendants failed to meet the requirements of the Federal Rules or New Jersey law, and the Clerk's entry of default against the Defendants was in error. Thus, the motion for default judgment is denied.

### III. CONCLUSION

For the reasons above, the Plaintiff's motion for default judgment is **DENIED**. Plaintiff is allowed thirty days in which to effect valid service of process. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: November 9, 2015**